# PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

United States District Court — District: EASTERN DISTRICT OF LOUISIANA

Name: CLINTON. E BELL. — Prisoner No.: 101127 — Case No.: 92228 — Section: E

Place of Confinement: ANGOLA

The Attorney General of the State of Louisiana: Jeffrey M. (Jeff) Landry

20-02175

v.

State of Louisiana, Warden, Darrel Vannoy

SECT.B MAG.5

PETITION

1. Name and location of court which entered the judgment of conviction under attack: 22nd DISTRICT COURT ST.TAMMANY PARISH.

2. Date of judgment of conviction: MARCH 10th 1982

3. Length of sentence: TWO* NINETY YEARS TERMS, NINETY -NINETY

4. Nature of offense involved (all counts): ONE COUNT ARMED ROBBERY 14-64

5. What was your plea? (Check one)

(a) Not guilty [X]

(b) Guilty [ ]

(c) Nolo contendere [ ]

(d) Not guilty by reason of insanity [ ]

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details. NO

6. Kind of trial: (Check one)

(a) Jury [X]

(b) Judge only [ ]

7. Did you testify at trial?

X Yes [ ] No

8. Did you appeal from the judgment of conviction?

X Yes [ ] No

SCANNED at LSP and Emailed 08.03.2020 by KC, 15 pages
date initials No.

RECEIVED
AUG 03 2020
Legal Programs Department

AO 241
REV 6/82

(c) At trial JOHN WILLIAMS PUBLIC DEF

(d) At sentencing MR. MC*ELORY

(e) On appeal MR.MCELORY

(f) In any post-conviction proceeding

(g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

( ) Yes X No

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

X Yes ( ) No

(a) If so, give the name and location of court which imposed sentence to be served in the future: 5YEARS ST.TAMMANY 2YEARS ST.TAMMANY. 5 YEARS JEFFERSON

(b) Give date and length of the above sentence: 1982"

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

( ) Yes X No

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

8/2/2020
(date)

[signature]
Signature of Petitioner

REV 6/82

(3) Grounds raised SENTENCE ILLEGAL AND UNCONSTITUTIONAL

(4) Did you receive an evidentiary hearing on your petition, application or motion?

[ ] Yes [X] No

(5) Result DENIED

(6) Date of result JULY 24th 2020 NO. 2019-kh-01625

(c) As to any third petition, application or motion, give the same information:

(1) Name of court:

(2) Nature of proceeding:

(3) Grounds raised

(4) Did you receive an evidentiary hearing on your petition, application or motion?

[ ] Yes [ ] No

(5) Result

(6) Date of result

(d) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc. [X] Yes [ ] No

(2) Second petition, etc. X[ ] Yes [ ] No

(3) Third petition, etc. [ ] Yes [ ] No

(e) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting the same.

**Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.**

C. Ground three:

Supporting FACTS (tell your story *briefly* without citing cases or law):

A. Ground four.

Supporting FACTS (tell your story *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

[ ] Yes [X] No

15. Give the name and address, if known, of each attorney who represented you in the following states of the judgment attacked herein:

(a) At preliminary hearing

(b) At arraignment and plea

AO 241
REV 6/82

9. If you filed an appeal, answer the following:

(a) Name of court: LOUISIANA SUPREME

(b) Result: DENIED

(c) Date of result: 1983

(d) Grounds raised: ILLEGAL SEARCH, EXCESSIVE .SENTENCE

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any court, state or federal?

X Yes ( ) No

11. If your answer to 10 was "yes," give the following information.

(a) (1) Name of court: 22nd DISTRICT COURT ST.TAMMANY .PARISH.

(2) Nature of proceeding: ILLEGAL SENTENCE

(3) Grounds raised: SENTENCE ILLEGAL AND UNCONSTITUTIONAL

1. SENTENCE ILLEGAL AND UNCONSTITUTIONAL

2.

3.

4.

5.

6.

7.

8.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
( ) Yes X No

(5) Result: DENIED AS REPETITIVE

(6) Date of result: 2019

(b) As to any second petition, application or motion give the same information:

(1) Name of court: LOUISIANA SUPREME COURT

(2) Nature of proceeding: WRIT APPLICATION

FACTS WHICH I RELY UPON
TO SUPPORT MY GROUNDS
FOR RELIEF

---

PETITIONER POINTS OUT HE WAS NOT CHARGED AS AN HABITUAL OFFENDER. OR DOUBLED.

PETITIONER WAS CHARGED WITH ONE COUNT OF ARMED ROBBERY R.S. 14.64 WITCH CARRIES 5 TO 99 YEARS IN PRISON.

ATTACHED FOR THE COURT IS A COPY OF PETITIONERS SENTENCEING 92228. THE COURT IS ASK TO VIEW PAGE 8,
THE COURT SENTENCES PETITIONER TO SERVE A TERM OF NINETY- NINETY YEARS IN PRISON.

THE DEPT. OF CORRECTIONS VIEW THIS AS 180 YEARS IN PRISON

THE STATE PARDON BOARD REFUSES TO HERE MY CASE BECAUSE NOT ENOUGH TIME SERVED ON 180 YEARS.

ALL SO ATTACHED FOR THE COURT IS A COPY OF THE WATNT TO THE WARDEN OF THE PRISON SETTEING TO BE HELD IN CUSTODY FOR A TERM OF 99 YEARS IN PRISON.
WITCH IS WRONG AS WELL. *

ON MAY 17th 1982 PETITIONER WAS SENTENCED TO A TERM OF 40 YEARS AT HARD LABOR

THE DEPT OF CORRECTIO NS STATE THE SENTENCE INPOSED IS THE SENTENCE TO BE SERVED, AS STATED IN THE SENTENCEING TRANSCRIPT NINETY*-NINETY YEARS VIEWED AS 180 YEARS.

THE LOUISIANA SUPREME HAS STATED WHERE THERE IS NO DISPUTE OVERE THE FACTS AND THAY SHOW THE SENTENCE IS NULL AND THE CASE WILL BE DISPOSED OF ON WRIT OF HABEAS CORPUS

PETITIONER HAS SHOWN HE HAS FILED HIS HABEAS WITH THE DISTRICT COURT AS WELL AS THE LOUISIANA SUPREME COURT
BOUTH COURTS HAVE REFUSED TO REVIEW OR GRANT PETITIONER A HEREING.

PETITIONER RESPECTFULLY ASK THIS COURT GRANT PETITIONER RELIEF AN ORDER THE DISTRICT COURT OF ST.TAMMANY
TO RESENTENCE PETITIONER TO A TERM OF 40 YEARS IN PRISON

Respectfully
[signature]
6/2/2020

PAGE 3701

STATE OF LOUISIANA
DEPARTMENT OF CORRECTIONS
*** STATEMENT ***

PAGE 1
DATE 07/30/20

BELL CLINTON

0091 F D2
LOUISIANA STATE PENITENTIARY F D2

LSP NO:101127
CAMP F

| DESCRIPTION | CHECK NUMBER | REFERENCE NUMBER | REFERENCE DATE | SAVINGS DEPOSIT | SAVINGS WITHDRAW | DRAWINGS DEPOSIT | DRAWINGS WITHDRAW | RESERVE DEPOSIT | RESERVE WITHDRAW |
|---|---|---|---|---|---|---|---|---|---|
| BEGINNING BALANCE | | | 06/28/20 | 0.00 | | 5.50 | | 0.00 | |
| CANTEEN SALE | | F836840 | 07/03/20 | 0.00 | 0.00 | 0.00 | 5.31 | 0.00 | 0.00 |
| CURRENT BALANCE | | | 07/25/20 | 0.00 | | 0.19 | | 0.00 | |

MRS. COON:

Your Honor, we have some other sentencing. We will pass that matter, perhaps come back to it after sentencings. Number 92,228, State versus Kelly L. Bishop.

THE COURT:

How old are you, Mr. Bishop?

MR. BISHOP:

Twenty-three.

THE COURT:

Mr. Bishop, having stated to the Court that he was twenty-three years of age, and having also - this is the matter of State of Louisiana versus Kelly L. Bishop, also known as Clinton Edward Bell. What is your true name, sir?

THE DEFENDANT:

Clinton Edward Bell.

Q. How old did you say you were, Mr. Bell?

THE DEFENDANT:

Twenty-three.

THE COURT:

The defendant having stated that he was twenty-three years of age and having been convicted by a jury for the charge of in violation of R.S. 14:64 by robbing Wendy Denise Meyn or Meyn, at the Race Track Service Station in Slidell, while armed with a dangerous weapon, to-wit, a gun, the Court having ordered a pre-sentence investigation and having received the results of same.

The pre-sentence investigation indicated that on October 14th, 1975, the defendant was sentenced

SCANNED
JUN 21 2011

in Jacksonville, Florida, to serve a term of five years at hard labor on a conviction of breaking and entering, as well as also on that date having received a five year concurrent sentence on the charge of possession of stolen property, together with another sentence of five years on another charge of breaking and entering. These three convictions are considered by the Court as one conviction. The sentences having been imposed on all three charges on October 14, 1975. Then on February 23, 1976, the report indicates that Mr. Bell was arrested on another charge of breaking and entering and that he was sentenced to serve a term of three years at hard labor. This sentence having been imposed on April 23, 1976, in Jacksonville, Florida. The Court also finds that the pre-sentence report indicates a third conviction of dealing in stolen property for which the defendant was sentenced on April 28, 1978, to serve a term of twelve years at hard labor. The report also indicates a fourth felony conviction having been imposed on March 28th, 1980, thirteen months at hard labor on a charge of escape. This sentence having likewise been imposed in Jacksonville, Florida. Now we have the fifth felony conviction of armed robbery. This conviction having taken place in this Court as previously indicated. Does the defense attorney have any remarks to make insofar as the findings of the pre-sentence report concerning

SCANNED
JUN 21 2011

      the prior convictions?

MR. McELROY:

Your Honor, I believe there is one error. I believe the first conviction was vacated and he was resentenced the second time. It is not actually four prior felony convictions. It is only three prior felony convictions.

THE COURT:

On which one are you referring to?

MR. McELROY:

The second conviction you read was actually a resentence on the first one.

THE COURT:

Now, I read what I considered to be the first conviction having been made up of three different sentences having been imposed on the same date. That date was October 14, 1975.

MR.McELROY:

Your Honor, just -

THE COURT:

Would you like to look at this report?

MR. McELROY:

Just one of those three was vacated. He was resentenced on that.

THE COURT:

Well, I considered that as the first conviction. Then I consider his second conviction to have taken place by sentence imposed on April 23, 1976, on another charge of breaking and entering.

MR. McELROY:

That is the one that was vacated and set aside and he

was resentenced on, your Honor.

THE COURT:

Alright. The report does not indicate that. What sentence was imposed?

MR. McELROY:

Three years.

THE COURT:

Pardon?

MR. McELROY:

Three years.

THE COURT:

Was this three years or are you saying this sentence that was imposed -

MR. McELROY:

The original sentence was five years. It was brought back later, the Judge vacated the sentence and resentenced him for three years.

THE COURT:

So what you are saying is then that there would actually be three prior convictions.

MR. McELROY:

Right.

THE COURT:

Then the second conviction would be the conviction resulting in the sentence of April 28, 1978 for twelve years on the charge of dealing in stolen property.

MR. McELROY:

Correct.

THE COURT:

And the third would be the thirteen months at hard labor

imposed on March 28, 1980, on an escape charge.

MR. McELROY:

That is correct.

THE COURT:

Then the fourth conviction would be the conviction that was the result of a jury trial in this Court.

MR. McELROY:

(Nod's affirmatively).

THE COURT:

The evidence in this trial clearly indicated the guilt of the defendant in that he went into the Race Track Service Station and while armed with a weapon, took the money bag which was under the control of Wendy Meyn, the employee of the Race Track Service Station, from there it was taken to a motel in the general vicinity of the Race Track Service Station and was later recovered by law enforcement officers. Considering the facts of this case, the Court as well as the jury was convinced of the guilt of this defendant. This, of course, is one of the most dangerous offenses that can come about by the act of man because it can clearly cause or threaten serious harm or death. This is the type offense that certainly the defendant had to contemplate would cause or threaten serious harm. There was no provocation on his part other than the shortage of money for him to become involved in this criminal activity. Apparently, he considered the criminal activity to be a better alternative than work. There are no mitigating factors involved in this case that

would not serve as a defense in the guilt or innocence phase of the trial. Certainly, there was nothing that the victim engaged in that induced or facilitated the crime, compensation or restitution is not an issue in this matter. As I indicated earlier, this defendant has had a criminal record spanning back to 1975, based upon his record, the facts that were brought out at the trial of this case, this Court is convinced that this defendant has the character and the attitude that would in fact indicate recitivism and were he out on a suspended sentence and probation, clearly the circumstances would again recur that resulted in this crime.

Based on the record of this defendant, the Court is convinced beyond all doubt that this defendant would not respond to probationary treatment. There is an undue risk to the public at large that were this defendant granted a suspended sentence and placed on probation that he would again become involved in criminal activities and although the beginning criminal activity of this defendant commenced with breaking and entering, dealing in stolen property, it becomes clear now that he has progressed to the big time and has now become involved in armed robbery. Certainly, this defendant is in need of correctional treatment. Society is in need of having this defendant off the streets. It is obvious that he is going to cont[illegible] criminal activity. It is also clear [illegible] Court that

SCANNED JUN 21 2011





        a lesser sentence than that to be imposed by the Court would deprecate the seriousness of this defendant's crime. It is therefore the sentence of this Court that this defendant be committed to the custody of the Louisiana Department of Corrections. There to remain without benefit of probation, parole or suspension of sentence for a term of ninety-ninety years.

MR. McELROY:

Your Honor, at this time we would orally move for an order of appeal. We will file a written motion timely.

SCANNED
JUN 21 2011

SCANNED
JUN 21 2011

AGE: 23

**STATE OF LOUISIANA**

Vs. No. 92228

KELLY L. BISHOP a/k/a CLINTON EDWARD BELL

**22nd Judicial District Court**

**PARISH OF ST. TAMMANY**

To PATRICK J. CANULETTE, Sheriff of the Parish of St. Tammany, and to the Keeper of the Louisiana State Penitentiary—Greeting:

Whereas, by a decree of the Honorable Twenty-Second Judicial District Court of the State of Louisiana, in and for the Parish of St. Tammany, KELLY L. BISHOP a/k/a CLINTON EDWARD BELL has been adjudged guilty of ARMED ROBBERY and sentenced by said Court to imprisonment at hard labor for the term of NINETY-NINE (99) YEARS

**You Are Therefore Hereby Commanded** to convey the said Kelly L. Bishop a/k/a Clinton Edward Bell to the State Penitentiary at Angola, La., and there deliver Kelly L. Bishop a/k/a Clinton Edward Bell, with this warrant, to the keeper of said Penitentiary, who is hereby authorized and commanded to receive and to keep Kelly L. Bishop a/k/a Clinton Edward Bell in safe custody for and during said term of NINETY-NINE (99) YEARS

and this shall be your and his warrant for so doing.

WITNESS the Honorable A. Clayton James Judge of our said Court, my official signature and seal of office, at Covington, Louisiana, this 17 day of May 19 82

Laura D Bell Dy. Cler

LUCY REID RAUSCH, CLERK OF COURT

# The Supreme Court of the State of Louisiana

STATE OF LOUISIANA

VS. No.2019-KH-01625

CLINTON EDWARD BELL

------

IN RE: Clinton Edward Bell - Applicant Defendant; Applying For Writ Of Certiorari, Parish of St. Tammany, 22nd Judicial District Court Number(s) 92228, ;

------

**July 24, 2020**

Writ application denied.

JDH

BJJ

JLW

SJC

JTG

WJC

JHB

Supreme Court of Louisiana
July 24, 2020

[signature]

**Chief Deputy** Clerk of Court
For the Court

**eFile-ProSe**

| | |
|---|---|
| **From:** | Angola E-Filing <LSP_prisonerefiling@doc.la.gov> |
| **Sent:** | Monday, August 3, 2020 9:59 AM |
| **To:** | eFile-ProSe |
| **Subject:** | Angola E-Filing |
| **Attachments:** | DOC # 101127.pdf |