UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLINTON E. BELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2175** |
| **DARREL VANNOY, WARDEN** | **SECTION "B"(5)** |

## TRANSFER ORDER

Petitioner, Clinton E. Bell, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1982 state court conviction and sentence. To support his challenge, petitioner asserts that the sentence imposed by the trial court is illegal. (Rec. Doc. 3, p. 5).

The State has filed a motion to transfer the instant successive petition to the United States Fifth Circuit Court of Appeals. (Rec. Doc. 14). Petitioner opposes the motion, reiterating that he should be entitled to relief from the illegal sentence imposed. (Rec. Doc. 15). For the following reasons, the Court finds that the State is correct and transfers the instant petition.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled *Clinton Bell v. Frank Blackburn, Warden*, Civil Action 86-2968, 1986 WL 12218 (E.D. La. Oct. 26, 1986). In that petition, petitioner raised the following grounds for relief:

1)  The trial court erred in admitting certain evidence that was the product of a warrantless search and arrest, in violation of his rights under the Fourth Amendment; and

2)  The trial court erred in refusing to exclude an involuntary confession, in violation of his Fifth Amendment right to be free from self-incrimination.

That petition was dismissed with prejudice on the merits by Judgment entered October 29, 1986. Petitioner's appeal from that judgment was dismissed for want of prosecution. (Rec. Doc. 14-2, Exhibit 1, Docket Sheet).

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

> 1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or
>
> 2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that the State's motion to transfer the successive petition (Rec. Doc. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that Clinton E. Bell's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this ___19th___ day of October, 2020.

_____
IVAN L. R. LEMELLE
SENIOR UNITED STATES DISTRICT JUDGE